UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ARMONTA HADNOT** | : | **DOCKET NO. 17-cv-444** |
| **D.O.C. # 625958** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **DARREL VANNOY** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by petitioner Armonta Hadnot ("Hadnot"). Hadnot is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at Louisiana State Penitentiary in Angola, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## I.
### BACKGROUND

Following a jury trial in the Fourteenth Judicial District Court in Calcasieu Parish, Hadnot was found guilty of three counts of first degree murder and three counts of attempted first degree murder. Doc. 1, att. 1, p. 2. He was sentenced on July 8, 2014, to serve three life sentences for the first degree murder convictions and three fifty-year sentences for the attempted first degree murder convictions, all ordered to be served concurrently. *Id.* On February 10, 2015, Hadnot, via counsel, appealed his sentence and conviction to Third Circuit Court of Appeal. *Id.*; *State v. Hadnot*, 2015 WL 710342 (La. Ct. App. 3d Cir.) (appellate brief). Therein, he argued that "[t]he trial court erred in imposing three mandatory life sentences plus one hundred and fifty years at hard labor on this

youthful offender without any individualization of the sentence and no opportunity for parole in the future." *Id.* at *2. On June 3, 2015, the appellate court, noting that Hadnot was not a juvenile when he committed the crimes, affirmed his conviction and sentence. Doc. 1, att. 1, p. 2; *State v. Hadnot*, 2015 WL 3548396 (La. Ct. App. 3d Cir. Jun. 3, 2015). On June 22, 2015, Hadnot sought further review with the Louisiana Supreme Court. Doc. 1, att. 1, p. 2. The Louisiana Supreme Court denied relief on May 27, 2016. *State v. Hadnot*, 192 So.3d 742 (La. 2016). Hadnot did not seek further review in the United States Supreme Court. Doc. 1, p. 3.

Hadnot states that he filed an application for post-conviction relief in the Fourteenth Judicial District Court on March 15, 2017, arguing: (1) ineffective assistance of trial and appellate counsel; (2) insufficiency of evidence; (3) impermissible suggestive post-indictment [mis]identification; and (4) unconstitutional excessiveness of sentence. Doc. 1, p. 3. He did not provide the court with a copy of same. On March 23, 2017, Hadnot filed the instant application for writ of *habeas corpus* with this court, asserting the same claims that he contends he raised on post-conviction relief. Doc. 1, pp. 5–10. He also asks this court to stay these proceedings pending exhaustion of his post-conviction remedies. Doc. 1, att. 1, pp. 3–4.

## II.
### LAW AND ANALYSIS

Before reaching the merits of a *habeas* claim, this court conducts a preliminary review of the pleadings and exhibits in order to determine whether the petitioner has exhausted all available state remedies prior to filing his petition in federal court, whether any of the claims raised are subject to the procedural default doctrine, and whether the petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1).

   *A. Exhaustion*

The federal habeas corpus statute and decades of federal jurisprudence require a petitioner seeking federal habeas corpus relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *E.g.*, *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). Exhaustion is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, supported by the legal theories and factual allegations that he raises now. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

### B. Procedural Default

When a petitioner has defaulted a claim by violating a state procedural rule which constitutes adequate and independent grounds to bar direct review in the United States Supreme Court, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or actual innocence. *Coleman v. Thompson*, 111 S.Ct. 2546, 2554 (1991). Failure to satisfy state procedural requirements results in forfeiture of a petitioner's right to present a claim

in a federal habeas proceeding. *Murray v. Carrier*, 106 S.Ct. 2639 (1986). This is not a jurisdictional matter; rather, it is grounded in concerns of comity and federalism. *Trest v. Cain*, 118 S.Ct. 478, 480 (1997).

Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default)[1] or (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). The grounds for traditional procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989).

C. *Limitations Period*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

---

[1] To serve as adequate grounds for a federally cognizable default the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### D. *Application*

Based on available documentation, it is clear that none of Hadnot's claims will be exhausted until his application for post-conviction relief has been reviewed by the state courts. The district court has discretion to issue a stay when faced with a § 2254 petition containing both exhausted and unexhausted claims under *Rhines v. Weber*, *supra*, in order to allow the petitioner to complete his state court remedies on the unexhausted claims. However, a court's discretion in this matter is not unlimited and the petitioner should show, among other things, good cause for his failure to exhaust all claims before coming to federal court. *Rhines*, 125 S.Ct. at 1534–35. Additionally, it is unclear whether a stay may be granted under *Rhines* for petitions where all of the claims are unexhausted. *See Lopez v. Stephens*, 2016 WL 4126014 (S.D. Tex. Apr. 25, 2016) (citing *Green v. Thaler*, 699 F.3d 404, 420 (5th Cir. 2012) and *Doe v. Jones*, 762 F.3d 1174, 1178 (10th Cir. 2014)).

Here, at any rate, there appears to be no cause for staying the matter pending exhaustion. Hadnot's conviction and sentence did not become final until August 26, 2016, when his time for seeking review in the United States Supreme Court expired. *See* Sup. Ct. R. 13. As noted above, the limitations period is tolled during the time that an application for post-conviction relief is pending in the state courts. Given Hadnot's representation that he filed such an application on March 15, 2017, only **201 days** have accrued against his one-year limit under § 2244(d). Accordingly, Hadnot shows no justification for holding the matter in abeyance while he exhausts state court remedies. Assuming that he pursues these diligently, as all petitioners are expected to do before seeking relief under § 2254, he will have ample time to file a petition in this court after conclusion of state court review of his application for post-conviction relief.

### III.
#### CONCLUSION

As all of the claims raised in the instant petition are unexhausted and Hadnot has not shown any justification for holding the petition in abeyance, **IT IS RECOMMENDED** that the matter be **DISMISSED WITHOUT PREJUDICE**. Hadnot may seek relief in this court again after he has exhausted his state court remedies.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal

conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 14th day of September, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE